UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

BESSIE Y. PEREZ

    Plaintiff (s),

v.

HOME BOUND CARE, INC.,
and KELLON L. JONES

    Defendants,
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff BESSIE Y. PEREZ, by and through the undersigned counsel, and hereby sues Defendants HOME BOUND CARE, INC., and KELLON L. JONES, and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid half-time overtime under the laws of the United States. Jurisdiction is conferred on the Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. §201-219 (Section 216 (b) for jurisdictional placement).

2. Plaintiff BESSIE Y. PEREZ (hereinafter BESSIE Y. PEREZ, or Plaintiff) is a resident of Miami-Dade County, Florida, within the jurisdiction of the Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant HOME BOUND CARE, INC. (hereinafter HOME BOUND CARE, or Defendant) is a Florida corporation, having a place of business in Miami-Dade County, Florida. The Defendant was and is engaged in interstate commerce.

4. The individual Defendant KELLON L. JONES was and is now, owner/president and manager of HOME BOUND CARE. Defendant KELLON L. JONES was the employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)] and is jointly liable for the Plaintiff's damages.

5. All the actions raised in this complaint took place in Miami-Dade County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff BESSIE Y. PEREZ as a collective action to recover from the Defendants half-time overtime compensation liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after April 2017, (the "material time") without being properly compensated.

7. Defendant HOME BOUND CARE is a home health care agency that provides home healthcare services to the elderly and infirm. This home health care agency performed third party services at private homes, and residential care facilities "primarily engaged in the care of the sick, the aged, or the mentally ill" within the

   meaning of Section 3(s)(1)(B) of the FLSA, and therefore Defendant is an enterprise subjected to FLSA coverage. The Defendant has offices located at 340 NW 183rd ST, Miami Florida 3169.

8. Defendants HOME BOUND CARE and KELLON L. JONES employed Plaintiff BESSIE Y. PEREZ as a non-exempted, hourly, full-time direct health care aid, since 2013, or 6 years and 9 months to April 20, 2020. The Plaintiff is still employed by Defendants. However, for FLSA purposes, Plaintiff's relevant period of employment is 156 weeks. The Plaintiff was paid at the wage-rate of $10.00 an hour. The Plaintiff's overtime rate should be $15.00 an hour.

9. The Plaintiff was assigned to work as a caregiver of an elderly, Alzheimer's patient, residing at an Assisted Living Facility.

10. The Plaintiff's duties at the residential treatment facility consisted of assisting the elderly patient with daily living activities such as bathing, dressing, grooming, feeding, changing diapers, administering medicines etc. These daily living activities represented more than 20 percent of the total number of hours worked by Plaintiff performing care services.

11. During the relevant period of employment with Defendants, Plaintiff worked 2 weeks of 5 days, and 2 weeks of 6 days every month period.

12. Plaintiff worked a regular schedule From Monday to Saturdays or Sundays from 8:00 AM to 8:00 PM (12 hours daily), sometimes Plaintiff stayed working late.

13. In weeks of 5 days, the Plaintiff completed a minimum of 60 hours weekly, and in weeks of 6 days, Plaintiff completed a minimum of 72 working hours weekly.

14. Defendant HOME BOUND paid Plaintiff at the wage-rate of $10.00 an hour. The

Defendant compensated Plaintiff for 60 or 72 hours weekly at her regular rate, but they did not pay her overtime hours as required by the FLSA.

15. Plaintiff did not clock-in-and-out, but the Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals, and they knew about the number of hours worked by Plaintiff and other similarly situated individuals.

16. Therefore, Defendant willfully failed to pay Plaintiff for overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

17. The Plaintiff was paid with checks and paystubs that did not show basic information about the rate of payment, the number of days and hours worked, employee's taxes withheld, etc.

18. The Plaintiff is not in possession of time and payment records, but she alleges that in 2018, she worked many weeks of 7 days with 84 hours weekly each. The Plaintiff is going to provide a good faith estimate of unpaid half-time overtime, including only regular weeks with 5 and 6 days. Upon discovery, Plaintiff will amend her Statement of Claim to include those weeks with 7 working days.

19. Plaintiff BESSIE Y. PEREZ seeks to recover unpaid half-time overtime wages, accumulated during her entire period of employment with Defendants.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

20. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

21. This cause of action is brought by Plaintiff BESSIE Y. PEREZ as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after April 2017, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

22. Defendant HOME BOUND CARE was and is engaged in interstate commerce as defined in §3(s) of the Act, 29 U.S.C. § 203(s)(1)(B). The Defendant is a home health care agency that provides home healthcare services to the elderly and infirm. This home health care agency performed third party services at private homes, and residential care facilities "primarily engaged in the care of the sick, the aged, or the mentally ill". Therefore, there is enterprise coverage.

23. Plaintiff and those similarly situated employees were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly-situated worked as a caregiver at a facility engaged in the care of the sick, the aged, or the mentally ill". Therefore, there is enterprise individual coverage.

24. For the reasons stated above Defendant HOME BOUND CARE must comply with the minimum wage and overtime and youth requirements of the FLSA.

25. Defendants HOME BOUND CARE and KELLON L. JONES employed Plaintiff BESSIE Y. PEREZ as a non-exempted, hourly, full-time direct health care aid, since 2013, or 6 years and 9 months to April 20, 2020. The Plaintiff is still employed by Defendants. However, for FLSA purposes, Plaintiff's relevant period of employment is 156 weeks.

26. The Plaintiff was paid at the wage-rate of $10.00 an hour. The Plaintiff's overtime rate should be $15.00 an hour.

27. The Plaintiff was assigned to work as a caregiver of an elderly, Alzheimer's patient, residing at an Assisted Living Facility.

28. During the relevant period of employment with Defendants, Plaintiff worked 2 weeks of 5 days, and 2 weeks of 6 days every month period.

29. Plaintiff worked a regular schedule From Monday to Saturdays or Sundays from 8:00 AM to 8:00 PM (12 hours daily), sometimes Plaintiff stayed working late.

30. In weeks of 5 days, the Plaintiff completed a minimum of 60 hours weekly, and in weeks of 6 days, the Plaintiff completed a minimum of 72 working hours weekly.

31. The Plaintiff worked in excess of 40 hours, but Defendants HOME BOUND and KELLON L. JONES compensated Plaintiff for 60 or 72 hours weekly at her regular rate, Defendants did not pay Plaintiff for overtime hours as required by the FLSA.

32. The Plaintiff did not clock-in-and-out, but the Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals, and they knew about the number of hours worked by Plaintiff and other similarly situated individuals.

33. Therefore, Defendant willfully failed to pay Plaintiff for overtime hours at the rate

of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

34. The Plaintiff was paid with checks with paystubs that did not show basic information regarding the number of days and hours worked, regular wage-rate overtime hours wage-rate, employment taxes withheld, etc.

35. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of the Defendant. However, upon information and belief, the Defendant did not maintain time accurate records of hours worked by the Plaintiff and other employees.

36. The Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

37. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate is not including weeks of 7 days worked in 2018. Plaintiff's calculations are as follows:

\* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate. After proper discovery, the Plaintiff will adjust her statement of claim properly.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Twenty Thousand Two Hundred Eighty Dollars and 00/100 ($20,280.00)

   b. <u>Calculation of such wages</u>:

   Total period of employment: more than 6 years
   Relevant weeks of employment:  156 weeks
   Regular rate: $10.00 x 1.5= $15.00 O/T rate
   O/T rate: $15.00 an hour

### 1.- Calculations for half-time O/T for 78 weeks of 5 working days

Total number of weeks:  78 weeks
Total number of hours worked: 60 hours weekly
Total number of O/T hours: 20 O/T hours
Total number of unpaid O/T hours: 20 O/T hours
Regular rate: $10.00 an hour x 1.5= $15.00 an hour-$10.00 rate paid=$5.00
Half-time O/T rate:  $5.00 an hour

Half-time $5.00 x 20 O.T hours=$100.00 weekly x 78 weeks=$7.800.00

### 2.- Calculations for half-time O/T for 78 weeks of 6 working days

Total number of weeks:  78 weeks
Total number of hours worked: 72 hours weekly
Total number of O/T hours: 32 O/T hours
Total number of unpaid O/T hours: 32 O/T hours
Regular rate: $10.00 an hour x 1.5= $15.00 an hour-$10.00 rate paid=$5.00
Half-time O/T rate:  $5.00 an hour

Half-time $5.00 x 32 O.T hours=$160.00 weekly x 78 weeks=$12,480.00

Total # 1 and # 2:  $20,280.00

Nature of wages (e.g. overtime or straight time):

This amount represents unpaid overtime wages.

38. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

39. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards

Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

40. At the times mentioned, individual Defendant KELLON L. JONES was the owner and manager of HOME BOUND CARE. Defendant KELLON L. JONES was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of HOME BOUND CARE in relation to its employees, including Plaintiff and others similarly situated. Defendant KELLON L. JONES had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for the Plaintiff's damages.

41. Defendants HOME BOUND CARE and KELLON L. JONES willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half her regular rate, as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

42. The Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff BESSIE Y. PEREZ and those similarly situated respectfully

requests that this Honorable Court:

A. Enter judgment for Plaintiff BESSIE Y. PEREZ and other similarly situated individuals and against the Defendants HOME BOUND CARE and KELLON L. JONES, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff BESSIE Y. PEREZ actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff BESSIE Y. PEREZ demands trial by a jury of all issues triable as of right by a jury.

Dated: April 21, 2020

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*